William D. Disston v. Commissioner.
Disston v. Commissioner
Docket Nos. 109985, 110630.
United States Tax Court
1943 Tax Ct. Memo LEXIS 466; 1 T.C.M. (CCH) 537; T.C.M. (RIA) 43062; February 4, 1943
*466 Harold Evans, Esq., for petitioner. Harry L. Brown, Esq., for respondent. HILL Memorandum Opinion HILL, Judge: The Commissioner determined deficiencies in gift tax as follows: Docket No.
Year
Amount
109985
1937
$ 644 $48
110630
1938
1,430.08
In determining the deficiencies respondent disallowed three $5,000 exclusions for 1937 and two for 1938 upon the ground that the gifts made were of a future and not a present interest. He also adjusted the total net gifts in prior years by disallowing three of $5,000 exemptions for 1936. The first issue is whether or not certain gifts in trust are gifts of future interests. If we so determine a second issue arises. This issue is whether or not the respondent can determine the deficiencies for the taxable years by readjusting the year 1936. The facts were all stipulated and as stipulated are adopted as our findings of fact. Only those deemed necessary to an understanding of the issues involved will be set forth herein. [The Facts] Petitioner is an individual residing at 8840 Norwood Avenue, Philadelphia, Pa. The gift tax returns for the periods here involved were filed with the collector of internal revenue for the *467 first district of Pennsylvania. By deed dated December 17, 1936, petitioner transferred certain property in trust to Liberty Title and Trust Company, et al., trustees. The trusts were created for the benefit of his five children. The trust instrument provided in part: SECOND: Terms of the Trust: Trustees shall divide the principal of the trust into five equal shares and shall hold, manage, invest and reinvest the principal of said shares in accordance with the powers hereinafter granted, IN TRUST, NEVERTHELESS, as follows: - * * * * *
4. As to the fourth of said equal shares of principal, to accumulate the net income therefrom for the benefit of RACHEL ELIZABETH DISSTON until she reaches the age of twenty-one years, at which time to pay over to her all accumulated income and thereafter to pay over to her in not less than quarterly instalments the entire net income derived therefrom during her lifetime; * * * * *
6. Trustees shall hold the shares of minors in whom the principal shall have vested during their respective minorities, and during such time shall apply such income therefrom as may be necessary for the education, comfort and support of the respective minors, and shall *468 accumulate for each minor until he or she reaches the age of twenty-one years, all income not so needed. The foregoing clause shall apply to minor children of the Settlor irrespective of the direction heretofore set forth to accumulate all income for such minors. * * * Substantially the same provisions in regard to petitioner's son, William L. Disston, and his daughter, Patricia Disston, were incorporated in the trust instrument, hereinafter surnames will be omitted. William L. was born April 12, 1917, Rachel Elizabeth, May 2, 1919, and Patricia, February 23, 1924. Petitioner filed a gift tax return for 1936 on March 12, 1937. This return was audited by respondent and after making minor adjustments in petitioner's gift tax liability as reported in the return, respondent determined that during the year 1936 petitioner had made gifts aggregating $71,952.49. These gifts included the above trust and one to his wife. Respondent allowed exemptions of $5,000 for each of the six donees and an exemption of $40,000. The net gifts were $1,952.49 and petitioner paid the tax thereon. On March 21, 1937, petitioner added to the trust 500 shares of capital stock of Henry Disston & Sons having *469 a value of $25,000. Shares having a value of $5,000 were transferred to the trust for each of petitioner's five children. By deed of trust dated December 9, 1938, petitioner conveyed to Dorothea D. James, and others, trustees, two tracts of land valued at $38,581.54. This trust instrument provided for the creation of a trust for the benefit of each of petitioner's five children. The provisions as to Rachel Elizabeth and Patricia, minors, were substantially the same, if not identical, with those of the trust instrument of December 17, 1936. [Opinion] The first issue which we must determine is whether or not the gifts in trust to the minors were of a present or future interest. Petitioner contends that those cases [1] which hold that gifts in trust are of a future interest where the trustees have discretion are not controlling here because the trustees had to distribute "such income therefrom as may be necessary for the education, comfort and support of the respective minors." Someone must determine what, if anything, is necessary. The trustees are the logical ones to so determine. We do not deem this clause any more compelling upon the trustees in this case than discretionary *470 power vested in them in . Moreover, the minors would not be entitled to any distribution until it became necessary for their education, comfort or support. We would be unable to determine the value of such a right. See . Since all of the interests created under both of the trust instruments were substantially similar, all must be held to be gifts of a future interest insofar as the minor beneficiaries are concerned. Thus, respondent's determination was not in error. The second issue is whether or not respondent may now adjust for the purpose of determining net gifts in prior years the year 1936 which he admits is closed by the statute of limitations. However, he has not determined a deficiency for that year but is *471 merely disallowing some $5,000 exemptions which he erroneously allowed in the computation of the gift tax for 1936. Petitioner admits that we have previously considered this same issue and ruled against him. He contends, however, that that holding was in error and that it should now be overruled. However, we are of the opinion that our holding therein was correct and we therefore follow that case. Thus, the deficiencies determined by respondent are correct. Decisions will be entered under Rule 50. Footnotes
1. ; ; (on appeal, C.C.A. -8th). [BTA decision reversed and remanded by CCA-8, ↩